UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| VENICE PI, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:17-CV-285-JVB-JEM |
| | ) | |
| DOE 1, *et al.*, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Leave to Take Discovery Prior to Rule 26(f) Conference [DE 4], filed by Plaintiff on July 3, 2017. Plaintiff requests leave to issue subpoenas to non-party internet service providers to determine the identity of the Doe Defendants in this case.

**I.     Background**

Plaintiff filed its Complaint on July 3, 2017, alleging copyright infringement claims against eighteen Doe Defendants. Plaintiff alleges that the Doe Defendants violated Plaintiff's copyright by downloading and sharing unauthorized copies of *Once Upon a Time in Venice*, a movie in which Plaintiff maintains a copyright interest. At this time, the only information Plaintiff has about the Doe Defendants is their Internet Protocol (IP) addresses, as well as the cities in which the alleged infringement occurred. Accordingly, Plaintiff now seeks to subpoena records from the Internet Service Provider identified in Exhibit 2 of the Complaint (the ISP) to connect the IP addresses with the Doe Defendants' actual identities.

**II.     Standard**

The Federal Rules of Civil Procedure generally prohibit discovery from occurring before the parties conduct a Rule 26(f) conference, unless the Court enters an order allowing early discovery

1

for "good cause." Fed. R. Civ. P. 26(d)(1); *Progressive Cas. Ins. Co. v. FDIC*, 283 F.R.D. 556, 557 (N.D. Iowa 2012). Courts consider the following five factors to determine whether there is good cause for early discovery aimed at internet service providers to uncover internet users' identities:

> (1) [A] concrete showing of a prima facie claim; (2) a specific discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for the subpoenaed information to advance the claim; and (5) a minimal expectation of privacy by the defendant in the requested information.

*Rotten Records, Inc. v. Doe*, 108 F. Supp. 3d 132, 133 (W.D.N.Y. 2015); *see also First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 248-49 (N.D. Ill. 2011) (quoting *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)).

**III.   Analysis**

Plaintiff meets these requirements. First, Plaintiff has made a prima facie claim of copyright infringement, which consists of two elements: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Plaintiff alleges that it maintains a copyright interest in *Once Upon a Time in Venice* and that the Doe Defendants copied and distributed *Once Upon a Time in Venice*. Second, Plaintiff has identified specific discovery, limited to identifying the Doe Defendants through their internet service providers. Third, Plaintiff does not have an alternative means to match the IP addresses with the Doe Defendants' identities.

Fourth, Plaintiff needs the information it seeks to advance its asserted claims. Indeed, without discovering the Doe Defendants' identities, Plaintiff cannot pursue its claims for relief at all. Finally, Plaintiff's interest in learning the Doe Defendants' true identities outweighs the Doe Defendants' privacy interest in sharing copyrighted work through an online file-sharing network.

2

*See Rotten Records*, 108 F. Supp. 3d at 133 (quoting *Arista Records, LLC v. Doe*, 604 F.3d 110, 124 (2d Cir. 2010)).

In sum, Plaintiff has shown good cause for the requested discovery, and early discovery is appropriate. Fed. R. Civ. P. 26(d)(1); *Progressive*, 283 F.R.D. at 557.

**IV.   Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the Motion for Leave to Take Discovery Prior to Rule 26(f) Conference [DE 4] and **ORDERS**:

1.   Plaintiff may serve the ISP with a Rule 45 subpoena commanding it to provide Plaintiff with the true name, permanent address, current address, telephone number, email address, and Media Access Control address of each Defendant to whom the ISP assigned an Internet Protocol (IP) address as set forth in Exhibit B to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

2.   Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to one of Defendants.

3.   If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which provides:

> the term "cable operator" means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system;

then the ISP shall, by sending a copy of this Order to the affected Defendant, comply with 47 U.S.C. § 551(c)(2), which provides that "[a] cable operator may disclose such [personal identifying]

information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B).

4.     The subpoenaed ISP shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information, nor shall the subpoenaed ISP require Plaintiff to pay a fee for an IP address that is not controlled by the ISP, or for an IP address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its customers. If necessary, the Court shall resolve any disputes between the ISP and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

5.     Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

SO ORDERED this 26th day of July, 2017.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record