# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| VENICE PI, LLC, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 2:17-CV-285-JVB-JEM |
| | ) |
| JOHN DOE 1, subscriber assigned IP | ) |
| address 73.74.68.193:6881, *et al.*, | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on a Motion to Quash or Vacate, Issue a Protective Order, and/or Sever and Dismiss, and Incorporated Memorandum of Law [DE 12], filed by *pro se* Defendant John Doe 1 on November 1, 2017.

This copyright infringement case involves a Defendant originally known to Plaintiff only by an IP address of 73.74.68.193:6881. On July 3, 2017, Plaintiff filed a Motion to Take Discovery Prior to Rule 26(f) Conference in which Plaintiff requested leave to issue subpoenas in order to request from Defendant's Internet Service Provider ("ISP") the identity of the subscriber assigned that IP address, as well as the identities of several other subscribers, at the time of the alleged downloads. On July 27, 2017, the Court granted Plaintiff's Motion.

In the instant Motion, Doe 1 requests that the Court (1) quash a third party subpoena served by Plaintiff on Doe 1's ISP in order to determine Doe 1's identity so Plaintiff can pursue claims for copyright infringement; and (2) issue a Protective Order prohibiting any party from publicly disclosing any information that Plaintiff obtains in response to the subpoena. In the alternative, Doe 1 asks the Court to sever and dismiss him from the suit. On November 15, 2017, Plaintiff Venice PI, LLC, filed a response.

As a preliminary matter, Plaintiff's response contains no certificate indicating that Doe 1 was

ever properly served with a copy of the response. Federal Rule of Civil Procedure 5(d) requires that a certificate of service must be filed along with all papers filed with the court after the complaint, with the exception of certain discovery-related documents. *See* Fed. R. Civ. P. 5(d). The certificate of service attached to Plaintiff's response only indicates that Plaintiff served the document electronically to those parties who have appeared in this case. Doe 1 has not appeared, and the Court does not have any indication that he was served with the response. Normally, the Court would strike such a filing. However, given the unusual circumstances inherent in Doe 1's efforts to keep his identity from the Court, Plaintiff's response will be considered on the merits. Plaintiff is advised to properly serve any future filings in this case to any defendant whose identity it has discerned.

    A.    <u>Request to Quash</u>

On timely motion, a court must quash or modify any subpoena that "requires disclosure of privileged or other protected matter [or] subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). A party has standing to move to quash a subpoena issued to a third party when "the subpoena infringes on the movant's legitimate interests." *United States v. Raineri,* 67- F2d 702, 712 (7th Cir. 1982). Courts have found even the "minimal privacy interest" inherent in linking a movant's personally identifying information to his online activity sufficient to confer standing to file a motion to quash on the basis of protected privacy interests. *See, e.g., Sunlust Pictures v. Does 1-75,* No. 12 C 1524, 2012 WL 3717768 (N.D. Ill. Aug. 27, 2012).

The party seeking to quash a third-party subpoena under Rule 45(d) bears the burden of demonstrating that the information sought is privileged. *Third Degree Films, Inc. v. Does 1-2010*, 4:11-MC-2, 2011 WL 4759283 (N.D. Ind. Oct. 6, 2011). However, "there is no expectation of privacy in Internet subscriber information because it has already been exposed to a third party, the

Internet Service Provider." *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516–19 (N.D. Ind. 2012) (citations omitted). In support of his motion, Doe 1 explains that he was not aware people were accessing the internet through his unsecured wireless internet signal, and that the wifi account has since been protected by a password. Doe 1 makes no argument that the information sought by the subpoena is privileged or protected. Plaintiff in response asserts that Doe 1's argument constitutes a denial of liability, consideration of which is premature at this stage of the litigation. Because the subpoena here does not require disclosure of protected matter, there is no basis for quashing it.

B. <u>Protective Order</u>

Doe 1 also asks that the Court issue a protective order preventing or limiting the disclosure of his personally identifying information by his ISP. A Court may enter a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P 26(c). Doe 1 does not provide any reasoning to supports his request for a protective order, and does not allege that disclosing his identity for the purposes of this litigation will subject him to annoyance, embarrassment, oppression, or undue burden or expense. Though Courts have in some cases allowed defendants in copyright infringement cases to proceed anonymously, those cases tend to involve the downloading of pornographic content which might tend to embarrass the defendant. In this case, the downloaded content is a film described in the Complaint as "a major motion picture . . . about a private investigator who must follow a bizarre and comic path to recover his stolen dog." In contrast to the *Sunlust Pictures* and *Malibu Media* cases, this case does not appear to involve any content that is particularly salacious or potentially embarrassing. Therefore, a protective order is neither necessary nor appropriate.

C. Request to Sever

Doe 1 also asks the Court to sever Plaintiff's claim against him from the claims of the other 17 putative defendants in this case. Federal Rule of Civil Procedure 20 provides that multiple defendants may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The purpose of Rule 20 "is to promote trial convenience and expedite the final determination of disputes, thereby preventing unnecessary multiple lawsuits." *Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000) (quoting *Gorence v. Eagle Food Centers, Inc.*, 93 C 4862, 1996 WL 734955, at *3 (N.D. Ill. Dec. 19, 1996)). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Federal Rule of Civil Procedure 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. The court has "broad discretion whether to sever a claim under Rule 21." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). The Seventh Circuit has held that "a district court may sever claims under Rule 21, creating [] separate proceedings, so long as the [severed] claims are 'discrete and separate.'" *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (quoting *Rice*, 209 F.3d at 1016).

Courts throughout the country are split on whether allowing joinder of many anonymous defendants alleged to have participated in a single BitTorrent "swarm" in a single suit, as here, is

4

appropriate. *reFX Audio Software Inc. v. Does 1-141,* 2013 WL 5835704 (Oct. 28, 2013) (noting the split, then holding that Plaintiff's allegation "that all 141 Defendants committed the same type of violation using BitTorrent" was "insufficient to link them together for the purpose of joinder"); *see also Sunlust Pictures, LLC, v. Does 1-75*, No. 12-C-1546, 2012 WL 3717768, at *3 (N.D. Ill. Aug. 27, 2012) (listing cases); *compare, e.g., In re BitTorrent Adult Film Copyright Infringement Cases*, Nos. 11-3995(DRH)(GRB), 12-1147(JS)(GRB), 12-1150(LDW)(GRB), 12-1154(ADS)(GRB), 2012 WL 1570765, at *11 (E.D.N.Y. May 1, 2012) (severing defendants because, among other reasons, allegations were insufficient to show that defendants actually shared file bits with one another), *SBO Pictures, Inc. v. Does 1-57*, No. RWT 12cv22, 2012 WL 1415523, at *2 (D. Md. Apr. 20, 2012) (severing defendants and noting that "the better-reasoned decisions have held that where a plaintiff has not plead that any defendant shared file pieces directly with one another, the first prong of the permissive joinder is not satisfied"), *and Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011) (finding permissive joinder likely to cause prejudice to defendants, particularly where "Plaintiff's allegation that all Doe Defendants meet the Rule 20(a) joinder requirements is speculative and conclusory"), *with Pac. Century Int'l v. Does 1-31*, No. 11 C 9064, 2012 WL 2129003, at *2 (N.D. Ill. June 12, 2012) (allowing joinder during early stages of the case in which the anonymous defendants allegedly participated in the same swarm), *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 244 (S.D.N.Y. 2012) (finding joinder appropriate under Rule 20(a) during initial stages of case where "the Doe Defendants were trading the exact same file as part of the same swarm"), *and First Time Videos, LLC, v. Does 1-500*, 276 F.R.D. 241, 252-53 (N.D. Ill. 2011) (denying motion to sever early in the case where putative defendants were alleged to have reproduced copyrighted materials and distributed data to others in the swarm).

Plaintiff in its brief did not develop any argument as to why the case of Doe 1 should not be severed, noting only that "Doe 1 has offered no factual or legal support" for the request to sever. Accordingly, the Court will permit Plaintiff supplemental briefing to respond to the legal issues raised by the use of permissive joinder in this case.

Accordingly, the Court **DENIES in part and TAKES UNDER ADVISEMENT in part** the Motion to Quash or Vacate, Issue a Protective Order, and/or Sever and Dismiss, and Incorporated Memorandum of Law [DE 12].

The Court **AFFIRMS** its Order of July 26, 2017, granting limited early discovery, and **DIRECTS** Plaintiff to:

(1) serve Defendant John Doe 1, having an IP address of 73.74.68.193:6881, with a copy of Plaintiff's brief, filed at Docket Entry #13, and a copy of this Order; and

(2) file with the Court, on or before **April 12, 2018**, a brief addressing why the claims against the 18 separate Doe defendants should not be severed.

So ORDERED this 30th day of March, 2018.

> s/ John E. Martin
> MAGISTRATE JUDGE JOHN E. MARTIN
> UNITED STATES DISTRICT COURT

cc: All counsel of record